IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-00120-01-CR-W-HFS |
| | ) | |
| DION ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Dion Rose's Motion to Dismiss Indictment (Doc. #20). Defendant Rose contends that under the framework announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), the statute under which the defendant is charged, 18 U.S.C. § 922(g)(1), violates the Second Amendment. (Doc. #20 at 1.) Defendant Rose argues that section 922(g)(1) is unconstitutional on its face because prohibiting felons from possessing firearms is not consistent with the nation's historical tradition of firearm regulation. (*Id*.) Defendant Rose argues that section 922(g)(1) is unconstitutional as applied to him because his prior felony convictions (controlled substance convictions) were non-dangerous offenses and there is no historical tradition of prohibiting those convicted of non-dangerous felony offenses from possessing firearms. (*Id*.) For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On May 31, 2022, the Grand Jury returned a two-count Indictment against defendant Dion Rose. The Indictment provides:

## COUNT ONE
### (*Felon in Possession of a Firearm*)

On or about September 28, 2021, in the Western District of Missouri, the defendant, DION ROSE, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, to wit: a black and gray Smith & Wesson, model SD9, 9mm, semi-automatic handgun bearing Serial Number FDL5276 and a black Taurus, model G2C, 9mm, semi-automatic handgun bearing Serial Number 1C043849; both of which had been transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
### (*Felon in Possession of a Firearm*)

On or about October 25, 2021, in the Western District of Missouri, the defendant, DION ROSE, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, to wit: a black and gray Smith & Wesson, model SD9, 9mm, semi-automatic handgun bearing Serial Number FDL5276 and a black Taurus, model G2C, 9mm, semi-automatic handgun bearing Serial Number 1C043849; both of which had been transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(Doc. #1 at 1-2.)

The statute under which defendant Rose is charged in the Indictment, 18 U.S.C. § 922(g)(1), provides:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\* \* \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

## II. DISCUSSION

While defendant Rose raises both a facial and an as-applied challenge to 18 U.S.C. § 922(g)(1), both challenges are based on the same argument:

> The statute is unconstitutional in all its applications and as applied to Mr. Rose because the plain text of the Second Amendment does not prohibit felons from possessing firearms, and historically this nation did not prohibit felons—whether they would be deemed dangerous or non-dangerous—from possessing firearms in the founding era. Mr. Rose therefore challenges the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment as the statute is applied to him and on its face.

(Reply to Government's Response in Opposition to Motion to Dismiss at 4; Doc. #22.)

Following the United States Supreme Court's decision in *Bruen*, there have been numerous attempts by defendants facing charges under 18 U.S.C. § 922(g)(1) to dismiss these charges as unconstitutional. In one such case, *United States v. Jackson*, Criminal No. 21-51 (DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022), the defendant asserted that section 922(g)(1) was both facially unconstitutional and unconstitutional as applied to him. The court provided the following analysis in denying the defendant's motion to dismiss the indictment:

> **I. Facial Challenge**
>
> As the Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2122 (2022). "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* To justify a gun regulation, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

The Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Id.* In *Heller*, the Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). The Court reiterated its position on felon-in-possession statutes in *McDonald*, stating, "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *McDonald*, 561 U.S. at 786 (internal quotations and citation omitted). Given this language, "Courts of Appeals have unanimously upheld the constitutionality of section 922(g)(1) against facial attacks." *Medina v. Sessions*, 279 F.Supp.3d 281, 287 (D.D.C. 2017) (citation omitted).

In *Bruen*, the Court again stressed that *Heller* and *McDonald* remain good law. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court has said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S.Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id.* at 2157 (Alito, J., concurring). Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, emphasized that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id.* at 2189 (Breyer, J., dissenting).

While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010). This remains good law. Jackson's facial challenge to section 922(g)(1) is therefore denied.

**II. As-Applied Challenge**

Jackson next argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional 'on the facts of the particular case.'" *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Sanjour v. EPA*, 56 F.3d 85, 92 n.10 (D.C. Cir. 1995)). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* (internal quotations and citation omitted). Jackson argues that because his prior eleven felony convictions were nonviolent, his conviction under section 922(g)(1) is unconstitutional as applied to him.

* * *

4

Jackson argues that historical tradition, as understood in 1791, does not support a blanket ban on the possession of firearms by all convicted felons. Rather, Jackson argues, only those deemed to be dangerous were historically prohibited from possessing guns. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). Jackson contends that he is not dangerous because his prior eleven felony convictions were nonviolent, and thus the law as applied to Jackson in this case was unconstitutional.

The Court takes issue with Jackson's argument for two reasons. First, the Court fundamentally disagrees with the notion that a person who commits a nonviolent felony is *ipso facto* not dangerous. Second, and most importantly, the Eighth Circuit's prior review of historical scholarship from the Founding Era reveals that gun restrictions were not limited to those deemed to be dangerous but were instead "directed at citizens who [were] not law-abiding and responsible." *United States v. Bena,* 664 F.3d 1180, 1183 (8th Cir. 2011). . . .

The Eighth Circuit has denied as-applied challenges to section 922(g)(1) when the defendant fails to demonstrate that he is "no more dangerous than a typical law-abiding citizen." [*United States v.*] *Brown*, 436 F. App'x [725,] 726 [(8th Cir. 2011)]. . . .

Additionally, the Eighth Circuit has found that restricting felons from possessing guns has not solely been about dangerousness. "Scholarship suggests historical support for a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183. The concept of the right to bear arms was "tied to that of the virtuous citizen." *Id.* (internal quotations and citation omitted). Other circuits, and most scholars of the Second Amendment, have similarly concluded that "the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)). In sum, those who commit *serious* crimes—whether violent or nonviolent—forfeit their right to possess firearms.

*Jackson*, 2022 WL 4226229, at *1-3.

Defendant Jackson appealed the district court's denial of his motion to dismiss arguing that 18 U.S.C. "§ 922(g)(1) is unconstitutional as applied to him, because his drug offenses were 'non-violent' and do not show that he is more dangerous than the typical law-abiding citizen." *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023). On June 2, 2023, a panel of the Eighth Circuit

5

Case 4:22-cr-00120-HFS   Document 29   Filed 07/31/23   Page 5 of 8

Court of Appeals issued an opinion finding that the district court properly denied defendant Jackson's motion to dismiss. *Id*. at 506. The Court wrote:

> . . . The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626; *see McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 142 S.Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).
>
> * * *
>
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson. The district court properly denied the motion to dismiss the indictment.

*Jackson*, 69 F.4th at 501-02, 505-06 (footnotes omitted).

On June 13, 2023, a different panel of the Eighth Circuit Court of Appeals issued an opinion in *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023). In *Cunningham*, the defendant asserted that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because his prior offenses were non-violent. The Court found:

> . . . This contention is foreclosed by *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023), where we concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion); *N.Y. State Rifle & Pistol*

6

*Ass'n v. Bruen*, 142 S.Ct. 2111, 2156 (2022); *id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.).

*Cunningham*, 70 F.4th at 506.

In *United States v. Hansen*, 4:18-CR-3140, 2023 WL 4134002 (D. Neb. June 22, 2023), the court denied the defendant's claims that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to an individual previously convicted of a non-violent drug offense. The court discussed the Eighth Circuit's opinions in *Jackson* and *Cunningham* as follows:

> . . . Just this month—relying on *Heller*, *McDonald*, and *Bruen*—the Eighth Circuit reaffirmed the constitutionality of § 922(g)(1), both facially and as applied to "non-violent" felons, and the Court is bound by that decision. *See United States v. Jackson*, No. 22-2870, 2023 WL 3769242, at *1 (8th Cir. June 2, 2023); . . . *accord United States v. Cunningham*, No. 22-1080, 2023 WL 3960829, at *3 (8th Cir. June 13, 2023).
>
> In *Jackson*, the Eighth Circuit was presented with one of the exact arguments raised by Mr. Hansen: whether § 922(g)(1) may be unconstitutional as applied to an individual previously convicted of a "non-violent" drug offense that fails to demonstrate "he is more dangerous than the typical law-abiding citizen." *Jackson*, 2023 WL 3769242, at *8. However, in rejecting this claim, the court did not examine the defendant's criminal and personal history to determine the specific threat he posed to public safety. *See id*. at *8. Instead, it held that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id*. at *8.
>
> According to the court, legislatures in this country have historically disqualified **categories of persons**—including those who deviate from legal norms and those who present an unacceptable risk of danger—from possessing firearms. *Id*. at *12. In other words, status-based prohibitions based on the conclusion that the targeted category *as a whole* presents an unacceptable risk of danger if armed, "pass muster under historical analysis." *See id.* And Congress acted within this "historical tradition" when it enacted § 922(g)(1) without requiring an individualized determination of dangerousness. *Id*. at *8-14.
>
> Thus, *Jackson* expressly rejected Mr. Hansen's claim that § 922(g)(1) is facially unconstitutional under the *Bruen* framework. And his as-applied challenge based on the "non-violent" nature of his prior conviction is likewise foreclosed by *Jackson*. While Congress could have concluded that only those convicted of certain "violent" felonies pose an increased threat of danger when armed, or required an individual assessment of dangerousness before dispossession, it did not. Instead, Mr. Hansen falls squarely within the category of persons that Congress

7

dispossessed under § 922(g)(1). *See id.* at *13. And the Court is not at liberty to override the statute's application based on his individual characteristics and circumstances when the categorical ban was reasonably and lawfully adopted.

*Hansen*, 2023 WL 4134002, at *7 (emphasis in original).

In accord with *Jackson* and *Cunningham*, which have examined constitutional challenges to 18 U.S.C. § 922(g)(1) after the return of the *Bruen* decision, this Court finds that nothing in *Bruen* casts doubt on "the longstanding prohibitions on the possession of firearms by felons." This Court recommends that the District Court find 18 U.S.C. § 922(g)(1) to be constitutional on its face and as applied to defendant Rose.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Rose's Motion to Dismiss Indictment (Doc. #20).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                         */s/ Lajuana M. Counts*
                                         Lajuana M. Counts
                                         United States Magistrate Judge